Craig Pugatch on behalf of the appellant. In this case, it involves a state court property division in a divorce and a monetary equitable distribution judgment, which attempts to vest the property owned by the debtor to the non-debtor ex-spouse post-petition. And it's important to recognize the timeline of the petition because one of the undisputed principles of law in this case is that if a bankruptcy is filed before a judgment was rendered on a claim for equitable distribution or property division, then that claim of the non-debtor spouse becomes a claim against the estate. In fact, in most cases, it's a dischargeable claim against the estate, and the title of those assets don't vest as they would if the judgment were rendered before the petition. We understand the bench trial was done, the judge announced our rulings, 18 days later the bankruptcy petition is filed, and the judgment is entered. That's the timeline, right? Correct. And under the law, though, it's a ministerial act entering the judgment. Okay, so, and I know you got that second circuit case, but it's not important. Why is that not in effect? It was a vesting at the time, it was a litigated case, bench trial, I guess, or jury trial on the state court, bench trial. Correct. The judge did all our findings of fact, right? Correct. Your client knew she'd lost. That's right. Okay. And before the judge could get the judgment, which is just really a ministerial act in, your client filed bankruptcy. Is that the timeline? That is correct. Okay, so why isn't that a vesting? Well, the issue of whether or not the judgment was entered after the ruling, and whether it's a ministerial act really isn't a relevant analysis under the case law, but the law related to the judgment, including a number of the cases that in the briefs do occur after ruling. The legal effect of that divorce judgment is when the property vests and when title vests. So if the bankruptcy is filed before that date, then the fact that there still needs to be another act to enter the judgment after, regardless of the amount of judicial labor that would be required to do that, the automatic stay still comes into effect and prevents the vesting. So in this case, the bankruptcy judge's ruling wasn't based on the notion that there was only one more act to do to enter the judgment. The issue on appeal is whether or not the automatic stay applied to these claims at the time of the petition. So the bankruptcy judge, in this case, said in his ruling that the automatic stay didn't apply, and therefore, when the judgment was entered post-petition, it became a fact and they were allowed to enforce that judgment. That's why the timeline is so important here, because the judgment was not entered after the stay order. The judgment was actually entered prior to that, based on the bankruptcy court's initial order. We've called it the interim order, and the timeline was after the filing of the petition, the bankruptcy court entered another order. Council, thank you. So let me ask you, though, under 541C2, why is that not an adequate basis to affirm the district court's judgment here? I mean, it seems like the proceeds from this would be excluded under New York law under 541C2. It's two reasons. The first is that under 1306, because this is a Chapter 13, 1306 of the Bankruptcy Code says, in addition to those things under 541, post-petition income of the debtor is, in fact, property of the estate. And in this case, in fact, that is the income that is funding the plan. So in the Chapter 13 case, the debtor is required to contribute those assets. And in our brief, we actually cite cases that relate specifically to pensions and specifically to the exclusion property. So while the corpus of the trust — I'm sorry, you're muted, Your Honor. Sorry. Thanks for the reminder. But let me ask you a question about that, because, you know, I'm aware of the Regan case, but it seems like that doesn't really prevail anymore and that the Supreme Court rejected Regan's narrow ruling, narrow reading of 541C2 in Patterson. And it clarified that that section doesn't just apply to spendthrift trusts and that it applies to other things as well. I agree with that, Your Honor. The issue here is the augmentation of 1306 of 541. So what happens is the corpus of the trust is accepted from the automatic spend, but the income and the distributions that were attached are property of the estate. The DeBolt case that we cited in our brief really deals with this head on. It's that the property which was excluded becomes property of the estate in the Chapter 13 or in a Chapter 11 because it's post-petition income as opposed to the corpus of — I mean, we're talking about New York law here, and New York courts have held that pension protections in the New York Retirement and Social Security law, Section 110, which is very, very similar to the New York retirement — I'm sorry, the New York education law that we're talking about, quote, shields a retirement allowance from creditors both while the funds are in the possession and control of the retirement system and after distribution to retirees. Your Honor, what I can tell you is that in the connection with the Chapter 13s and the Chapter 11s in at least this district, this circuit, the debtor, including in this case, is required to put that pension income into the plan as property of the estate. I have not seen any case where the debtor was permitted to retain the proceeds of their pension income or even income like an IRA or a 401k and exclude them from the property of the bankruptcy case. I don't have a case site for you on that, but in this case under these facts, the debtor's income is in fact in the Chapter 13 plan. It is the only income that is funding the plan. And so whether by voluntary inclusion or by operation of law, this income is property of the estate subject to creditors, and the creditors that participate in the case are deriving income from the disposable income of the debtor under that issue. Sorry to interrupt again, and I understand what you're saying. And it certainly makes sense from a certain point of view. After all, that's the income that is supposed to be funding the plan. But the case on this, and the reason for the protection that New York has issued, is to protect the third party beneficiaries of the trusts, right, from actions of the debtor. And so here, the third party beneficiary, I guess, would be the husband. And so, I mean, that reasoning would go to the same thing, right, protect him from the actions of the debtor here, the wife. Why is that not the case? Well, because I don't think that the husband isn't the third party beneficiary here for purposes of the equitable distribution claim. What the husband here is claiming is an ownership interest. He's claiming the 50% or the New York spousal share of the income. But what he's also claiming is to take his equitable distribution claim as a creditor and attach it to the income. So there's really two separate things that the state court did, and they should be treated a little bit differently. One is the division of property, which I think is what Your Honor was getting at. But the second thing the New York court was permitted to do was take the monetary judgment and attach that property and secure that creditor claim, which would normally be a dischargeable creditor claim. And that would participate with other creditors in the case. If I could address the other issue, which maybe I should have started with on 541. Before you do that, I have a question. Is her bankruptcy still ongoing? It's ongoing in the sense that the plan has been confirmed and is being funded from the pension. There's not an actual bankruptcy. Okay. And you said that earlier, the plan is being funded, you mean by her portion of the pension? That's correct. Tell me a little bit about that. It goes into her income. As I was reading the New York law, are they actually paying the creditor some of the money out of her pension? Because it looks like New York protects that. In this case, Your Honor, the pension is funding income of the debtor. I would like to use some of my rebuttal time for initial argument if that would be acceptable. You can answer Judge Hall's question. You're going on about how the money is being used to pay her creditors in the bankruptcy. You brought that up. What does she get a month in the pension? And is that actually going to pay off her student loans? Or is she, under the plan, getting it to live on? It's both, Your Honor. So what happens is the pension income is delivered to her as would other income, a job or otherwise. And then the payments that were calculated under the Chapter 13, she has to fund the plan. So it's a disposable income calculation that she's making the payments to creditors. So is she really, because she's had to share a pension, does she have any disposable income left to pay any creditors? There is small amounts of disposable income that go to fund the plan, yes. I don't remember. I don't want to misspeak, Your Honor. There are less than $2,500 of the plan payments that were going to creditors, but I don't remember the specific plan payments, and I don't want to misspeak. Okay. Go ahead, Judge. Because, see, what would happen is, if what you say is true, and the other spouse could run up debts and defeat the marital award by filing bankruptcy and get the other one's money in the bankruptcy estate to pay off her debts. Well, that's true, except for the fact that the ex-spouse would also be a creditor in the bankruptcy and would participate in those distributions as well. He'd be a creditor with pro-rata creditor. He wouldn't have a priority. He'd be a pro-rata creditor. She has $150,000 in debt. He would have a creditor claim, but he would only participate pro-rata with everybody else, right? That's exactly what the statutory scheme envisions, equitable distribution claims with pro-rata. That's the question in the case, is that's what it envisions. But you keep saying, oh, he's a creditor. He would just share pro-rata, is what you're saying, with all her other creditors, right? That's correct, Your Honor. Okay. Thank you for the intelligence, Judge Wilson. He can go on and make his argument if he wants to. Well, I have just one more question. I mean, is my understanding incorrect that bankruptcy judges always have the discretion to lift an automatic stay for cause if the debtor has acted in bad faith? That's a true principle, Your Honor. I don't think that's what the principle of the court rules here, but that is a correct statement. Well, this was Judge Olson, took note of the fact that the petition was filed in the last hours prior to the entry of a final judgment in a divorce case initiated in October 2015 when the decision after bench trial had already been rendered. He determined that the state court found Philip credible and your client to be significantly lacking in credibility. Her lawyer was hit with $25,000 in attorney's fees. That's not enough to support a determination that she acted in bad faith and that the automatic stay could be lifted for cause? Well, had he ruled that way, I would say that's the case. But the issue that he ruled upon here and what his ruling was, and I'm looking at the order itself, was that he says the automatic stay nor any provision of the bankruptcy code prohibits the state court from entering the order and that the automatic stay did not apply. The ruling here and the arguments that have been made are that an exception to the stay renders it inapplicable and thus pulls it out of the realm of what would be stayed under 362A. All right, thank you. We'll hear from Mr. Crane. I'm sorry, I want to ask you this. Just assume we can affirm for any reason. I don't know if his order is that narrow or not, but if the bankruptcy court had done that and say it's not subject, then what would be the result here? Has the bankruptcy court determined that for cause the stay should be lifted? The standard would be different and we would be talking about both an abuse of discretion standard or clearly erroneous if there were fact finding, as opposed to what I believe is a de novo review of whether the stay applies. I got that. But if he found that it was bad faith and automatic stay should be lifted, and let's assume there's no error in that, when the district court affirms that, we would affirm that too. I'm just walking down that scenario. What then would be the effect? Would the spouse have the pension? It wouldn't be subject to bankruptcy? Yes, the judgment then could have been entered post relief from stay and vested the pension. All right. Well, before you conclude, I'm looking at the bankruptcy judge's order. I'm going to read from it. Page five of the bankruptcy judge's order. Judge Olson says, quote, the court views as offensive to good faith and the orderly administration of justice. The filing of a petition at the latest of hours prior to the entry of a final judgment in a divorce case initiated in October, 2015, when a decision after bench trial had already been rendered. This court will not impose the provisions of the automatic stay to apply to a state court divorce case that has already been fully decided, but for the mysterious act of entry of a final judgment that merely implements the decision after bench trial. That's not enough of a finding of bad faith. Well, your honor, I guess I would I would disagree that that's the finding of bad faith. I don't think that's enough for finding a bad faith. Had the court found bad faith, what he would have done was for cause lifted the say, as opposed to rendering an opinion based on the arguments of counsel that it legally didn't apply in the first instance. I think that those findings go to really a lot of it has goes to paragraph two of the ruling, which was the answer to show cause as to the good faith nature of the bankruptcy case generally and whether the other creditors should be treated in the plan. And ultimately, a plan was confirmed and and the case was not dismissed on bad faith or abstain from. Thank you. We'll hear from Mr. Crane. Thank you. If it may please the court. My name is Alan crane, I represent Philip Martin, who requests that this court affirmed the district courts affirmance of the bankruptcy court orders. This case really is the poster child of a bad faith filing of a losing spouse who files a bankruptcy, just to frustrate the divorce decree. The judge did find did lift the automatic stay, we asked for the automatic stay to be lifted as alternative grounds we asked that the court find that it not be in place. The judge granted for types of relief for us on the bad faith aspect that you were talking about, I want to point out the transcript that we put into our appendix the supplemental appendix, where the lawyer for Ms. From his Martin came into court and said it was a magical day, the day I filed and I filed that day before the final judgment was entered, because I think that makes the difference about the discharge ability of the claim. The sole purpose of this bankruptcy was to defeat my clients ownership interest in the pension. So when he talks about income coming out and paying the plan. It is the income of that remains, not my clients income from the pension, but the divided the undivided or the portion that still remains with the appellant. As the court pointed out, there was a finding of bad faith. And yes, a petition filed in bad faith for the sole purpose of frustrating a divorce decree is sufficient for for for there to be finding of cause. Also, the bankruptcy court abstained in the February of 2019 order from hearing any matters related to the state court proceeding. Under 28 USC 1334 D. This court nor the Supreme Court nor any other court has any jurisdiction to reverse that order. That issue was not briefed by the appellants the district court noted that that issue was not briefed by the appellants in the district court case. They don't mention it here, but it's, you don't have jurisdiction, the bankruptcy court even if you were to reverse this case for whatever grounds, the bankruptcy court no longer has jurisdiction over any part of the state court proceeding, because he abstained, and it's not something that can be. It's not subject to review the bankruptcy court did grant stay relief on council keeps in the brief and says that the only ground was for was that the judge found that the state was not applicable. Well, we asked for that but we also very specifically asked for a finding that this, to the extent that the state was applicable that stay relief be granted, and the court granted that in both the October 2018 order preliminarily, and then further in the February of 2019 order in the February. February 2019 or the court said the creditor has relief from the automatic stay to enforce the final judgment, and it in post that order being entered the, the state court was specifically in the February order allowed to issue the qualified domestic relations order, which now divides the interest of the pension, so that my client is receiving the income for his ownership interest. I'm sorry. In fairness, though, when the final judgment had not yet been entered. I'm not sure you can really say it was a ministerial act because they were still trying to work out exactly the details of, of what the how the 20, what ultimately wound up being the 20%, how that would be paid and things of that nature, and the state court had left open a few issues in that respect, and had left it to the parties to work it out. So I'm a little troubled by the notion that it was just a ministerial act at that point. I don't know if you might want to address that. I will, I don't think you actually even have to get there because of the state relief issue and the grant the state was granted, but as to the on separate grounds, it was, it was granted, based upon cause, and this court can affirm on any grounds, but that was one of the alternative reliefs. It was one ministerial act away, there was nobody else that that could actually intercede as to the division of the pension. The judge, and it's in in the exhibits, the state court judge issued a letter said basically, I'm fed up with you guys from arguing all of this and submit your documents in or complaints in a in motion form, but here's how I'm going to rule on it. And in that letter, she says to the, to both counsel that I, you know, you can send me whatever you want, but here's my initial impression about how I'm going to rule on these things. There may have been a couple of little tweaks and whatever that needs to be made, but I don't believe if you look at the final judgment, I mean, and I understand but I don't think we can looking at the final judgment I don't think we can retrospectively determine that it was a ministerial act to enter it. I mean, I think we have to look at it from the point in time before it was entered, to see whether it was a foregone conclusion that it would be entered in the form that I guess it ultimately was entered or they had, they anticipated it might be entered. And here it seems like that, you know, there was still some room for bargaining it was still not a done deal completely. And when we talk about a ministerial act we're usually talking about something where there's no judgment involved, and you just enter it, but that's not what happened here as a matter of fact it doesn't seem like to me maybe I'm misunderstanding the record. So, New York does things differently. And so in a case in Florida, you would have a final judgment that's entered. You won't have a decision order but you'll have a final judgment that's entered and then you'll have motions for reconsideration attacking that apparently what they do in New York is the opposite, that there's a decision after bench trial that's that's entered. And then the parties will file their motions for reconsideration, or asking for different changes to be made the judge rules on those and if I remember correctly the judge didn't make any changes or many anything of any significance. And so, the, the fundamental ruling of the of the bankruptcy of the state court was the same in the final judgment naturally in the final judgment, she incorporated the entire decision after bench trial. So the final judgment may have tweaked something but the, the entire decision after bench trial was incorporated into the final judgment. Okay, let's assume judge Rosa months. Correct. In that regard, can you walk me through how you affirm based on the relief from the automatic stay. Okay, tell me the bankruptcy law so you get a relief from the automatic stay. And, and, and because for cause, let's assume for sake of the argument, what Joe Wilson says is enough to show that that there was a relief and automatic stay, and then what is the effect of that on the bankruptcy court. So, does become final, and you got relief from the state does that just take the whole thing out of bankruptcy. Yes, the judgment out of bankruptcy. Yes, the. And if you specifically look at the combination of the abstention, where the judge, where the bankruptcy judge said, I'm abstaining from hearing any matters pertaining to the state court dissolution proceeding. And then you. I'm trying to understand it simply. Okay, we got a bankruptcy, there's a judgment rendered post petition will accept that it wasn't final, but it's a final judgment post petition, and the bankruptcy court has power to say, Okay, but for cause, and bad faith. I'm gonna give relief from the automatic stay, and so does the person who get that judgment, no longer have to do anything in bankruptcy. Correct. They can execute the judgment. Yes, and that was what was done on here. That's a simple way. I mean that just takes it out. Yes, bankruptcy judge in the February of 2019 order in the two different ways that he did it, which is abstention which means he no longer has jurisdiction coupled with the stay relief that he granted. And as I said, the creditor has relief from the automatic state to enforce the judgment. Takes it completely out of the bankruptcy. And, and this court doesn't really even have the ability to we've argued that it's this case is really this appeal is moot, because no matter what you do, you can't order the or the bankruptcy court would not have the ability on a reversal for whatever grounds you might reverse and I don't understand what those would be but, but the hypothetically if it was reversed this bankruptcy court has no longer has jurisdiction over anything to do with the state court divorce proceeding. And so therefore it's been actually getting this money, all these years. Yes, then there was no stay pending appeal. And by the way, the, the argument also that the stay, you know, it's a, the granting of a stay is abusive discretion. That's not an issue that was even addressed by the appellate. And so I would argue that that was waived. So, it was moot. I think that this case is moot because there's no effective relief that this court can grant stay really was in fact granted counsel. If there were if there were just abstention, you would agree that it wouldn't be moot right because subsection, because 1334 D says subsection see in this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11 us code. Right. Correct. But it's the combination, right, the judge didn't just abstain and he didn't just grant stay really, he did both. So, so the combination of that. How could I mean if we found that this was moot. I don't see how we could find that this is moot and I'll tell you why, because if we did, then wouldn't we wouldn't ever be able to review any actions or lack of actions with respect to 1334 D second clause right I mean, if just the mere abstention, took it out of our bailiff's bailiwick right, then, and we couldn't review it at all. Then, then, how would we be able to enforce or make sure that the second clause of 1334 D was enforced. And if we, you know, and in order to do that, we have to review it. So, how is it moot, I don't understand. Because the quadrant that in the state court proceeding, the, which was entered at a time that there was no stay. Well, I mean that makes sense when you're talking about a piece of property, for example, and there are new owners and there are properties that are being sold that are being sold. But if there were an issue here if this day were incorrectly issued for some reason, we were to find error with that. Why would we not be able to order relief and order that it be returned the property, the money, because there's no court in the federal system that has authority to order the bank, or the state court to undo the orders, but that takes us back into the topology of the absence of the stay right i mean either the issuance of this day was right, or it was within discretion or it was wrong right one way or the other. And what you're telling me, and what you're what I understand you to be telling the court is you can't review that. But that doesn't make sense to me because 1334 D second clause says that the subsection shall not be construed to limit the applicability of the So there must be a way to review that. I mean, maybe I'm confused here and you can help me out. Yes. So, so certain actions took place at the time that there was no stay. There is no case law cited, and I'm not aware of any actually I'm aware of to the opposite, but the state could be retroactively reapplied. So just like in a case where you have a situation where there was a sale of property and that is something, because there was property that was transferred pursuant to a state court order. And so you can't. If a because they did not seek a state pending appeal. All of the state court actions took place, the orders were issued the quadro was issued the quadro ordered your unmute I'm sorry. That's okay that's a different issue right it's, you know, that's a different kind of stay obviously. And with respect to that kind of stay. Again, that gets back to why couldn't we just, if we thought there were an error, why couldn't we order him to pay back the money, or if we couldn't. Why couldn't we order from now going forward that the money is included in the estate. I mean, I don't see how this is moot, but maybe I'm missing something. Again, I'm going to. I'll turn and say that I don't think you even have to get to mootness. I think we still win on the issue of that. There was no abuse of discretion on the granting of the automatic stay and what what you're going to find now is the appellant and I'm just going to give you one last minute so we won't be hearing back from you. I agree it's not moot because of the minimum, at least we could do going forward. What's being paid out going forward, and for a number of reasons I don't think it's moot but that he's going to say, look on appeal, the bankruptcy court did this based on that it was not property of the state that invested pre petition, or at least the district court did the bankruptcy court, never did it on the ground. Well, we know the district court didn't because the district court just rule. It was not free. It was vested. And so it didn't come into this day, but he's going to argue that there was never a ruling by the bankruptcy court that way and that's why he on appeal has not even asked the court to review the discretionary decision to lift the state because that's not the what the bankruptcy court did so just tell me succinctly, your best case, what order I'm a look at that you're going to tell me the bankruptcy court did have enough of a ruling there that we can affirm on that the bankruptcy court did do an automatic did do a lifting of automatic state for good cause just tell me the orders we should look at, please look at the February, 2019 order which is appendix. It's number six, which the court finds. Let me just, that's one judge Wilson read from. Yes, and the court says, abstained, and then in its ruling said that it was this creditor has relief from the automatic state to enforce the final judgment. That's different. Is there any other order besides that February, 2019, we should look at, there's the October 2018 order that that also says that it's granting relief from the automatic state, to the extent that the state actually applies. So, we didn't need later on did it said the findings Okay, I got it. Those are the two waters, thank you for my question. Thank you. Who got you for reserve some time for a vote. Thank you. I'd like to again go back to the timeline because I think it's critical, based on the arguments and the questions so far to understand that the October order was a list day to permit the parties to get divorced. So just like in Florida, you can sever the marriage, and then deal with issues of alimony support and distribution, separately from that the October order was not a list day related to the property issue. The February order is, you're going to say that again I'm not understanding what you're saying. Sure. The purpose of the October order was specifically to permit the parties to go get a divorce, specifically to sever their marriage. In fact, specifically it was it was mostly an agreed order actually. And what it did was allowed them to go and their marriage bond, but it reserved on the issues of property distribution equitable distribution. If support word issue for example if they were children which they were not here, the custody could be an issue. Those issues are separate from the actual active severing the marriage so that was the purpose of the October order and the judges. Part of a agreed language the judge specifically reserved on all those issues. The judgment was entered before the February order. The reason that's important is related to your question judge Hall of what would happen if the state was lifted. If the state is listed. Then the acts at that point that are no longer subject to the state can occur here, what judge Olson said was the state doesn't apply to that order is in effect. Now I'm listening to stay and allowing you to enforce that order. So even if the granting of the stay was for cause. The timeline is still doesn't work for purposes of of what the Kelly is arguing the judgment was not entered after the list that so it is not possible that the list day would would would move it or even if it's not moved if that's the wrong legal word that that it would that it would affect that issue. So what so what Mr. Mr pogach we're reviewing the February 14 2000 correct order. That's what we're reviewing and also said the court views as offensive to good faith. I mean, he didn't use the word bad faith, but offensive to good faith means bad faith in the orderly administration of justice, the following of the petition at the last hours prior to the entry of the bottom judgment in the divorce case. Do you agree that a decision to lift the stay is discretionary with the bankruptcy court and can only be reversed on a showing of abuse of discretion. Do you disagree with that proposition to lift the stay I agree. All right, so this decision to live to stay the automatic stay was vested within the sound discretion of the bankruptcy judge and The judge in this I mean he makes it pretty clear in his order that He's exercising his discretion to prevent Your client from using the bankruptcy code to intervene in a state family law matter. That's another that could be another reason that a bankruptcy judge can exercise his discretion to lift an automatic stay to avoid entanglement in a state family law matter. I agree. Our president is clear that It would be if this judgment were rendered based on that let's stay. The problem here is that the judgment is entered before that the judge can't undo that judgment or that say that. So what he says is, it was Are you telling me that the February 14 Order has no effect. Oh, no. The effect of that order was that he ruled that because this day was not applicable. The judgment still was binding. And the issue of law. I read the February 14 order. Your Honor, it would be the only legal way for the prior judgment to be in stated if this was a list stay Then that means that before this order this day was in effect. And if that's the case, then that judgment is void as a matter of law. It was entered while the stay was in place and it is voice. You cannot cite a case to support that proposition. I can, Your Honor, a judgment and bear with me. I'll pull it up a judgment that is entered at the time that the state is in effect is is void. I don't believe that would even be a disputed Issue and I'll find the case, Your Honor. It is in the brief. Yeah. Could you tell me what can you cite that case for me. Yes, sir. Let me just find it. I shuffled my papers because it was Well, I don't want to take all your time. If it's in your brief, I'll find the case. It is, Your Honor, and I'll find it. And say it to you before I conclude. In that case, in that case would support your argument that the February 14 2019 order has absolutely no effect. If the stay is in effect at that time, then yes. Yeah, but I don't know why we can't look at the overall intent of the bankruptcy judge. This seems like a technicality that you're arguing, we can look at the October 2018 you're right, the judgment entered. And if you're trying to narrowly lift the stay say, well, it was only letting the judgment go in as to the bond, the marriage, not as to the division of the property. I don't know, he, you kind of Looks like to me, he kind of let the judgment go into effect and said, but I reserve ruling on the effect of the judgment. And then he left the stay in the February 2019 or even if you correct you could read them both together to say the bankruptcy court intention clearly here is to allow the judgment to go into effect and be subject to a list. I mean, you just take the whole ball of wax together. I understand that your honor, I guess where I'm the reason I'm pointing this out is because it delineates that what the bankruptcy court was doing with respect to its ruling as to the prior judgment had to be That it was the stay was inapplicable. There was no other legal way for it to resurrect or make that stay binding. So if we take what your what your honor said is as correct. And when he lifts the stay as of the date of the February order. That means the stay was in effect before that. And I'm not saying he ruled that I'm actually saying the opposite. He actually does two things. He says the stay was not applicable. So therefore, the judgment sits And I am lifting the stay and allowing them to go forward and enforce that judgment. So the legal issue that we're appealing here specifically is that The stay was not what was in effect and there was no exception to the stay applied that the bankruptcy court used retroactively and your honor. My time is definitely up, but the case that says the actions taken while the stays in place are void and without effect is is that 11th Circuit case board Warner acceptance court, the hall. 685 fed second 1306 and so if the judgment were entered previously and the stay were listed later than that judgment would still be void and without effect. What's Tell me the name of that case again. Sure, if it is a board Warner acceptance court, the hall 685 fed second 1306 11th Circuit 1982 And I'll assume that case has nothing to do with the marital situation or anything like that. It's just the general principle. Is that right, correct. If the Principle that you're talking about. Correct. Okay. All right. Well, I think we have your argument. Thank you, Mr. And Mr. Thank you. It was a pleasure to argue before you.